| ALLEN C. WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 14, 2015, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

**BACKGROUND**

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on April 20, 2011, alleging disability since March 1, 2010. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's osteoarthritis, varicose veins, and degenerative joint disease were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a reduced range of light work. The ALJ found that plaintiff could not return to his past relevant work, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his opinion.

3

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p.

Plaintiff's treating physician, Dr. Skahill, began seeing plaintiff in February 2010. In 2010, Dr. Skahill noted that plaintiff suffered from severe varicose veins on the left leg below the knee, Tr. 257, and "bad" varicose veins with moderate to severe pain. Tr. 258. In 2011, Dr. Skahill noted that plaintiff had severe varicose veins on the left and right side. Tr. 298. Dr. Skahill completed a residual functional capacity report in which he opined that plaintiff could in an eight-hour day walk for less than an hour, stand and sit for one to two hours, lift less than five pounds frequently, that plaintiff takes Percocet for pain which can cause drowsiness, and that plaintiff could not perform the full range of sedentary work due to his limitations. Tr. 277-78.

The ALJ gave no weight to Dr. Skahill's residual functional capacity report, finding that it conflicted with the doctor's treatment notes. Specifically, the ALJ found that Dr. Skahill's notation that plaintiff's condition was "stable" was in direct conflict with his limitations as presented in the residual functional capacity report. The Court agrees with plaintiff that, in this context, a notation that a condition is "stable" is reasonably interpreted as meaning that the condition is not changing, not that the condition is improving as was suggested by the ALJ.

4

Moreover, Dr. Skahill's functional limitations are not inconsistent with the rest of the medical record. A radiologist assessed plaintiff with positive superficial venous insufficiency in both lower extremities and instructed plaintiff to wear class II thigh-high surgical compression stockings, to use analgesics for pain, and to rest and elevate his legs as much as possible. Tr. 269. A consultative examiner noted that plaintiff's exam was essentially normal except for extensive varicose veins in his left lower leg which very probably cause "a significant amount of pain and discomfort as well as swelling with minimum amounts of walking or standing." Tr. 260. Because Dr. Skahill was plaintiff's treating physician and his opinion was not in conflict with the rest of the medical record, it was error for the ALJ to decline to give Dr. Skahill's opinion great if not controlling weight. Because Dr. Skahill's opinion would not support a finding of an RFC of even a reduced range of light work, the ALJ's RFC finding is not supported by substantial evidence.

At step five, the burden is on the Commissioner to show that there is work in the national economy that a claimant can perform. In order to obtain reliable testimony from a vocational expert (VE) upon which to base such a finding, an ALJ must pose hypothetical questions that fairly and accurately set out the claimant's limitations. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Here, the ALJ based his hypothetical to the VE on his RFC finding that was not supported by substantial evidence, and thus the hypothetical did not fairly and accurately set out plaintiff's limitations. However, the VE further opined that an additional limitation of plaintiff needing to elevate his legs throughout the day would preclude all competitive work, as would the need to miss approximately four days of work per month. Tr. 52-53. As these limitations are supported by the medical record, including Dr. Skahill's residual function opinion and the notes

5

of plaintiff's radiologist and consultative examiner, failure to include them in the hypothetical posed to the VE was error.

## *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and the record before this Court properly supports a finding that the Commissioner has failed to satisfy her burden to show that plaintiff can perform work in the national economy. Because the VE has already opined that with the proper limitations plaintiff would be precluded from performing all work, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

6

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this ____ day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7